**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
Helen Mosothoane (SBN 254511)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:   (949) 381-5900
Facsimile:   (949) 271-4040
Email:          bpaino@mcglinchey.com
                    hmosothoane@mcglinchey.com

Attorneys for *Defendant* **FREEDOM MORTGAGE CORPORATION**

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAMAWIT MIKIEL,<br><br>    Plaintiff,<br><br>  v.<br><br>FREEDOM MORTGAGE<br>CORPORATION; DOES 1 through 10,<br>INCLUSIVE<br><br>    Defendants. | Case No.: **'22 CV 1146 WQH WVG**<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**<br><br>**[DIVERSITY & FEDERAL QUESTION JURISDICTION]**<br><br>Superior Court Case No. 37-2022-00024488-CU-OR-CTL<br>Action Filed: June 23, 2022<br>Trial Date:    N/A |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, *defendant* Freedom Mortgage Corporation ("Freedom") hereby removes the above-captioned action brought by *plaintiff* Mariamawit Mikiel ("Plaintiff") from the San Diego County Superior Court (the "Superior Court") to the United States District Court for the Southern District of California, on the basis of diversity and federal question jurisdiction.

### I.    BACKGROUND

1.    On or about June 23, 2022, Plaintiff commenced an action in the Superior Court entitled *Mariamawit Mikiel v. Freedom Mortgage Corporation*, Case Number 37-2022-0004488-CU-OR-CTL (the "Superior Court Action"). True and correct copies

of Plaintiff's Complaint (the "<u>Complaint</u>") and all other filings in the Superior Court Action are collectively attached hereto as **Exhibit A**.

2.     Freedom was served with the Complaint on July 5, 2022. Pursuant to 28 U.S.C. § 1446(b), this notice has been timely filed because it is being filed within 30 days of Freedom's receipt of the Complaint.

3.     As of the date of this notice, Freedom has not filed an answer or otherwise responded to the Complaint.

4.     The Superior Court has scheduled a case management conference for December 2, 2022. Freedom is informed and believes that the Superior Court has not otherwise scheduled or conducted any hearings as of the date of this notice. A true and correct copy of the docket for the Superior Court Action is attached hereto as **Exhibit B.**

5.     Pursuant to 28 U.S.C. § 1446(a), the documents attached hereto as **Exhibit A** constitute all the pleadings, process and orders that were filed in the State Court Action.

6.     Pursuant to 28 U.S.C. § 1446(d), Freedom will promptly give written notice of the removal of the Superior Court Action to all adverse parties and will file a copy of this notice with the Clerk of the Superior Court.

**II.     VENUE**

7.     Removal to this Court is proper under 28 U.S.C. § 1441(a) because the Superior Court is located within the jurisdiction of this Court. *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(d) (noting that the Southern District of California "comprises the counties of Imperial and San Diego").

**III.     DIVERSITY JURISDICTION**

1.     The Superior Court Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, as discussed more fully below.

2
**NOTICE OF REMOVAL**

**A.    Diversity of Citizenship**

8.    **Plaintiff's Citizenship:** Freedom alleges upon information and belief that Plaintiff is a citizen of California for diversity purposes. A natural person's citizenship is determined by his or her state of domicile. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. (*See id.*) "At the pleading stage, allegations of jurisdictional fact need not be proven unless challenged" and "a removing party's allegations of citizenship may be based solely on information and belief." *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227-1228 (9th Cir. 2019) (internal citations omitted); *see also Chavez v. Gen. Motors, LLC*, 2017 WL 4685011, at *3 (C.D. Cal. 2017); *Lopez v. Ford Motor Co.*, 2020 WL 1922588, at *3 (C.D. Cal. 2020). *See e.g., State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[T]he place of residence is prima facie the domicile"); *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence … is prima facie proof of his domicile").

Pursuant to the Complaint, Plaintiff states that she is "a resident of San Diego County, California." (*See* Compl., ¶ 1). Plaintiff also filed a sworn petition in her recently dismissed bankruptcy case wherein she identified her residence as 2968 Alanwood Ct, Spring Valley, CA 91978 (the "Property").[1] (*See* Request for Judicial Notice ("RJN"), **Exhibit 1**). These admissions are *prima facie* evidence that Plaintiff is domiciled in California. Accordingly, Plaintiff is a citizen of California for purposes of diversity.

9.    **Freedom's Citizenship:** Freedom is, and was at the time of the filing of the Complaint, a corporation organized under the laws of the State of New Jersey and maintains its principal place of business in Boca Raton, Florida. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has

---

[1] Plaintiff's statements in her schedules constitute judicial admissions. *See In re Rolland*, 317 B.R. 402, 421 (Bankr. C.D. Cal. 2004) ("Statements in bankruptcy schedules are executed under penalty of perjury and, when offered against a debtor, are eligible for treatment as judicial admissions.").

**NOTICE OF REMOVAL**

1    been incorporated and of the State where it has its principal place of business."

2    Accordingly, Freedom is a citizen of New Jersey and/or Florida.

3        10.    **Doe Defendants**: The only other defendants identified in the Complaint

4    are defendants identified as Does 1-10. The citizenships of Doe Defendants are

5    disregarded for purposes of determining whether removal is proper under 28 U.S.C. §

6    1332(a). *See* 28 U.S.C. § 1441(b)(1); *see also Inglis v. D.R. Horton, Inc.*, 2008 WL

7    4997611 *2 (S.D. Cal. 2008).

8        **B.    Amount in Controversy**

9        11.    Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in this action

10   exceeds the sum or value of $75,000, exclusive of interest and costs. This is because

11   Plaintiff seeks an injunction setting aside the foreclosure sale of the Property. (*See*

12   Compl., ¶¶ 12, 51, 90, Prayer for Relief, ¶ 7). It is well settled that, in actions seeking

13   declaratory or injunctive relief, or to set aside a foreclosure sale, the amount in

14   controversy is measured by the value of the object of the litigation. *See Cohn v.*

15   *Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002); *Lipkus v. Wells Fargo Bank, N.A.*,

16   2019 WL 2448206, at *4 (C.D. Cal. 2019) ("Where a plaintiff seeks to set aside and/or

17   permanently enjoin a foreclosure sale, courts in this Circuit have found that the amount

18   in controversy includes the fair market value of the property or the amount of

19   indebtedness of the plaintiff.") (citations and internal quotations omitted). In this case,

20   the Property was sold at a foreclosure sale for $393,000.00. (*See* RJN, **Ex. 2**). This sale

21   price evidences that the value of the Property exceeds $75,000. Moreover, Plaintiff

22   admitted in her bankruptcy schedules that the Property is worth $284,238. (*See* RJN,

23   Ex. 1 [Schedule A]). *See also Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, at

24   *5 (N.D. Cal. 2010)*; Delgado v. Bank of Am. Corp.*, 2009 WL 4163525, at *6 (E.D.

25   Cal. 2009) (in a post-foreclosure setting, the object of this litigation is the home that

26   Plaintiff seeks to reclaim).

27       12.    Plaintiff also seeks an injunction enjoining Freedom from conducting

28   further foreclosure activity. (*See* Compl., Prayer for Relief, ¶ 3). When a plaintiff seeks

4

**NOTICE OF REMOVAL**

to enjoin a foreclosure sale of real property, "the value of the property is the object of the litigation." *Reyes*, 2010 WL 2629785, at *5; *see also Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973). The value of the Property greatly exceeds $75,000, as evidenced by: (a) the fact that it recently sold for $393,000.00 and (b) Plaintiff's admissions in her sworn bankruptcy schedules. (*See* RJN, Exs. 1-2). Accordingly, the value of the object of the litigation in this case, i.e., the amount in controversy, exceeds $75,000. *See Cohn*, at 839.

## IV.   FEDERAL QUESTION JURISDICTION

13.   This Court also has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the Complaint enumerates a claim that is reliant on federal law. More specifically, Plaintiff enumerates a claim for violation of Cal. Bus. & Prof. Code § 17200 (the "Unfair Competition Claim") that is premised on an alleged violation of 15 U.S.C. § 1641(g). (*See* Compl., ¶ 67). Thus, Plaintiff's Unfair Competition Claim will necessarily require the court to interpret and apply federal law, making a federal question direct and essential to the claim. This is sufficient to establish federal question jurisdiction. *See e.g., Cent. Valley Med. Grp., Inc. v. Indep. Physician Assocs. Med. Grp., Inc.*, 2019 WL 2491328, at *3 (E.D. Cal. 2019).

14.   Additionally, the Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims because they share a common nucleus of operative facts with her Unfair Competition Claim. *See Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

## V.   RESERVATION OF RIGHTS

15.   Freedom reserves the right to supplement this notice when, and if, additional information becomes available. In addition, Freedom reserves all rights, including, but not limited to, defenses and objections as to venue, personal jurisdiction, and service. The filing of this notice is subject to, and without waiver of, any such defense or objection.

20895758.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WHEREFORE**, Freedom prays that the Superior Court Action be removed from the Superior Court to this Court and that this Court assume jurisdiction over – and determine – the action on the merits.

DATED:  August 4, 2022

McGLINCHEY STAFFORD

By: _/s/ Helen Mosothoane_
HELEN MOSOTHOANE
BRIAN A. PAINO
Attorneys for _Defendant_ **FREEDOM MORTGAGE CORPORATION**

6

**NOTICE OF REMOVAL**

20895758.3

# EXHIBIT "A"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FREEDOM MORTGAGE CORPORATION; and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARIAMAWIT MIKIEL

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/23/2022** at **09:46:34 AM**

Clerk of the Superior Court
By Marfil Estrada,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es)*: San Diego County Superior Court
330 W. Broadway
San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):*
37-2022-00024488-CU-OR-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tony Cara, CDLG, PC, 2973 Harbor Boulevard, Suite 594 Costa Mesa, CA 92626 (888) 615-6765

DATE: **06/24/2022**
*(Fecha)*

Clerk, by *M. Estrada*
*(Secretario)* M. Estrada
, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  *FREEDOM MORTGAGE CORPORATION*

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 7-5-22

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*



**EXHIBIT A PAGE 7**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Tony Cara, SBN 170720, CDLG, PC
2973 Harbor Boulevard, Suite 594, Costa Mesa, CA 92626

TELEPHONE NO.: (888) 615-6765    FAX NO. *(Optional):* (888) 660-8874
ATTORNEY FOR *(Name):* Plaintiff MariaMawit Mikiel

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: SAME
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Main Courthouse

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/23/2022** at 09:46:34 AM

Clerk of the Superior Court
By Marfil Estrada, Deputy Clerk

CASE NAME:
MIKIEL v. FREEDOM MORTGAGE CORPORATION

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2022-00024488-CU-OR-CTL |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Carolyn Caietti DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[x] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 23, 2022

Tony Cara, Esq.
(TYPE OR PRINT NAME)                                   *Tony Cara*
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**EXHIBIT A
PAGE 8**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

---

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

For your protection and privacy, please press the Clear

**EXHIBIT A
PAGE 9**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7070 |

| PLAINTIFF(S) / PETITIONER(S):    Mariamawit Mikiel |
|---|
| DEFENDANT(S) / RESPONDENT(S):  FREEDOM MORTGAGE CORPORATION |
| MIKIEL VS FREEDOM MORTGAGE CORPORATION [IMAGED] |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00024488-CU-OR-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Carolyn Caietti                                        Department: C-70

**COMPLAINT/PETITION FILED:** 06/23/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/02/2022 | 10:00 am | C-70 | Carolyn Caietti |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

---

EXHIBIT A
PAGE 10

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

**EXHIBIT A**
**PAGE 11**

CDLG, PC
Tony Cara, Esq., SBN 170720
2973 Harbor Boulevard, Suite 594
Costa Mesa, CA 92626-3912
Phone: (888) 615-6765
Fax: (888) 660-8874
Litigation.CDLG@gmail.com
Attorney for Plaintiff, MariaMawit Mikiel

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/23/2022** at 09:46:34 AM
Clerk of the Superior Court
By Marfil Estrada,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

37-2022-00024488-CU-OR-CTL

| | |
|---|---|
| MARIAMAWIT MIKIEL, | PLAINTIFF'S COMPLAINT FOR: |
| Plaintiff, | 1. **VIOLATION OF CIV. CODE § 2923.5;** |
| v. | 2. **VIOLATION OF CIV. CODE § 2924(a)(1);** |
| | 3. **VIOLATION OF CIV. CODE § 2924.9;** |
| FREEDOM MORTGAGE | 4. **NEGLIGENCE;** |
| CORPORATION; and DOES 1-10, inclusive, | 5. **WRONGFUL FORECLOSURE;** |
| | 6. **INTERPLEADER PURSUANT TO CODE CIV.PROC. §386, CIV. CODE §§ 2924j AND 2924k;** |
| Defendants. | 7. **UNFAIR BUSINESS PRACTICES, VIOLATION OF BUS. & PROF. CODE § 17200, ET SEQ.;** |
| | 8. **CANCELLATION OF WRITTEN INSTRUMENTS, CIV.CODE § 3412;** |
| | **(Amount in controversy less than $75,000)** |

**COMES NOW** plaintiff MariaMawit Mikiel, ("PLAINTIFF"), by and through her counsel, allege as follows:

1

MIKIEL v. FREEDOM MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

EXHIBIT A
PAGE 12

**PARTIES**

1.      PLAINTIFF is, and at all relevant times mentioned herein was a resident of San Diego County, California, and are the rightful and lawful owners of real property commonly known as 2968 Alanwood Court, Spring Valley, CA 91978, ("Subject Property"), and is her personal and principal residence.

2.      Defendant Freedom Mortgage Corporation, ("FMC DEFENDANT") is a corporation with its principal place of business in Mount Laurel, New Jersey. FMC DEFENDANT conducts, and at all times mentioned herein conducted, business in San Diego County, California. Its agent for service of process is CT Corporation. FMC DEFENDANT is the purported current loan servicer and beneficiary of the mortgage loan that is the subject of the allegations complained of herein.

3.      PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1-10, inclusive, and therefore sues them by fictitious names. PLAINTIFF will amend this complaint to allege DOES' true names and capacities when they are ascertained.

4.      PLAINTIFF alleges that DOES 1-10 claim some right, title, estate, lien or interest in the Subject Property that is adverse to PLAINTIFF's own title. Each of these claims constitutes a cloud on PLAINTIFF's title to the Subject Property from which they seek relief.

5.      PLAINTIFF alleges that DOES 1-10 are contractually, strictly, negligently, intentionally or vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this complaint, and that DOES 1-10 are indebted to PLAINTIFF as hereinafter alleged.

**JURISDICTION AND VENUE**

6.      Jurisdiction of this Court arises under *Cal. Const. Art. VI §10* and *Code Civ.Proc. §410.10 et seq.* because DEFENDANTS engaged in business in the State of California and the acts of wrongdoing alleged in this complaint occurred in California. DEFENDANTS have more than "sufficient minimum contacts" within the State of California such that this Court's exercise of personal jurisdiction over DEFENDANTS herein "does not offend the traditional notions of fair play and substantial justice." DEFENDANTS herein purposefully directed HER activities to the State of California and consummated a transaction with a resident of the State of California, such as

MIKIEL v. FREEDOM MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

EXHIBIT A
PAGE 13

1  PLAINTIFF herein. As a result, DEFENDANTS caused an event or events to occur in California, and

2  more particularly in San Diego County, California, out of which this action arises and which forms the

3  basis of this action.

4      7.   Venue is proper in this Court pursuant to Code Civ.Proc. § 392(a) because

5  DEFENDANTS' liability to PLAINTIFF arose within the jurisdictional region of this Court. This Court

6  has jurisdiction over the parties.  PLAINTIFF is residents of Spring Valley, California. All

7  DEFENDANTS regularly engage in business within San Diego County, California, and the real

8  property is located in San Diego County, California.

9      8.   PLAINTIFF is suing for damages that are related to violation various California statutes

10  and the Homeowner Bill of Rights Act wherein the amount of controversy is approximately $75,000.00

11  and/or according to proof.

12                    **GENERAL AND FACTUAL ALLEGATIONS**

13      9.   PLAINTIFF alleges that on or about February 19, 2015, PLAINTIFF's obtained a

14  mortgage loan on the Subject Property from W.J. Bradley Mortgage Capital, LLC in the amount of

15  $222,323, memorialized by a Deed of Trust. The maturity due date is on March 1, 2045. The Trustee is

16  Equity Title Company. This Deed of Trust was recorded in the San Diego County, California

17  Recorder's Office as Instrument No. 2015-0074260. **(Exhibit "A", Deed of Trust)**

18      10.   PLAINTIFF alleges that on February 19, 2019, an Assignment of the Deed of Trust was

19  recorded in the San Diego County, California Recorder's Office as Instrument No. 2019-0056709. This

20  assignment purported to assign the Deed of Trust from W.J. Bradley Mortgage Capital, LLC to FMC

21  DEFENDANT. **(See Exhibit "B", Assignment of Deed of Trust)**

22      11.   PLAINTIFF alleges that on December 29, 2021, a Notice of Default and Election to Sell

23  Under a Deed of Trust was recorded in the San Diego County, California Recorder's Office as

24  Instrument No. 2021-0872227. **(See Exhibit "C", Notice of Default and Election to Sell Under a**

25  **Deed of Trust)**

26      12.   PLAINTIFF alleges that on April 19, 2022, a Notice of Trustee's Sale was recorded in

27  the San Diego County, California Recorder's Office as Instrument No. 2022-0170001.  **(See Exhibit**

28

---

3

MIKIEL v. FREEDOM MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

1    **"D", Notice of Trustee's Sale).** The sale date was set for May 27, 2022, and the Subject Property was

2    sold on that date.

3         13.     PLAINTIFF was current until the COVID-19 pandemic in February 1, 2020.

4    PLAINTIFF needed assistance due to the shut down of our state for over 3 months. This according to

5    PLAINTIFF was an FHA loan and fell within the guidelines of President Trump's halt on collection on

6    federally back loans.

7         14.     PLAINTIFF was apparently given a forbearance but did not actually apply with an

8    application as they took information over the phone.

9         15.     In 2021 around March or April, PLAINTIFF called into FMC DEFENDANT. She went

10    over the information she previously provided and the representative stated that there are no options for

11    her. This was quite unusual as this is a FHA loan and this servicer is one of the top 10 FHA lenders.

12    They are supposed to direct borrowers to the online application and if they could not do so, FMC

13    DEFENDANT should have sent PLAINTIFF a packet with all the information needed. They did not do

14    this on several occasions.

15         16.     The declaration page is very clear and states the following: No contact was required

16    because the individual does not meet the definition of a PLAINTIFF?? The loan is in her name as an

17    unmarried women so this is not true. This property is her primary residence and has been.

18         17.     PLAINTIFF was given a forbearance from the beginning of her delinquency on or after

19    February 1, 2020 to August 31, 2020, and this along should have had FMC DEFENDANT send to her a

20    Request for Mortgage Assistance. PLAINTIFF requested and was told that her loan does not qualify

21    but was not specific.

22         18.     PLAINTIFF was expecting notification from FMC DEFENDANT but none arrived. The

23    date of this declaration was November 18, 2021. It was recorded on December 29, 2021.

24         19.     There is no Substitution of Trustee. The Notice of Default declaration is in error and

25    should at least be voidable

26         20.     PLAINTIFF alleges that FMC DEFENDANT failed to advise PLAINTIFF in writing

27    within 30 days that her Deed of Trust was transferred or assigned to a third party, and that it is the new

28    owner or assignee of the debt is illegal in violation of Title 15 U.S.C. § 1641(g).

4

MIKIEL v. FREEDOM MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

**CAUSES OF ACTION/REMEDIES**

**FIRST CAUSE OF ACTION**

**VIOLATION OF CIV.CODE §2923.5; FAILING TO NOTIFY THE HOMEOWNER ABOUT**

**POSSIBLE FORECLOSURE AND TO WAIT 30 DAYS AFTER NOTICE TO RECORD A**

**NOTICE OF DEFAULT**

**(AGAINST FMC DEFENDANT)**

21.     PLAINTIFF re-alleges and incorporates all preceding paragraphs as though set forth fully herein.

22.     Pursuant to Civ.Code §2923.5(a)(2), a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default pursuant to Section 2924 until all of the following: Contact the PLAINTIFF in person or by telephone in order to assess the PLAINTIFF's financial situation and explore options for the PLAINTIFF to avoid foreclosure, including advising the PLAINTIFF that he or she has the right to request a subsequent meeting and, if requested, the mortgage servicer shall schedule the meeting to occur within 14 days. The assessment of the PLAINTIFF's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose.

23.     On December 29, 2021, FMC DEFENDANT recorded a Notice of Default on the Subject Property. PLAINTIFF was staying in her home when the Notice of Default was issued, and received no mail or messages. **(Exhibit "C")**

24.     FMC DEFENDANT failed to satisfy the requirements of Civ.Code §2923.5(a)(2) before recording a Notice of Default, and violated this statute.

25.     PLAINTIFF requests an injunction and damages.

**SECOND CAUSE OF ACTION**

**VIOLATION OF CIV. CODE § 2924(a)(1),**

**LACK OF AUTHORITY TO FORECLOSE ON PROPERTY**

**(AGAINST FMC DEFENDANT)**

26.     PLAINTIFF re-alleges and incorporates all preceding paragraphs as though set forth fully herein.

**EXHIBIT A
PAGE 16**

27.     PLAINTIFF is the owner of the Subject Property.

28.     On December 29, 2021, FMC DEFENDANT recorded a Notice of Default on the Subject Property. PLAINTIFF was staying in her home when the Notice of Default was issued, and received no mail or messages. **(Exhibit "C")**

29.     On April 19, 2022, FMC DEFENDANT recorded a Notice of Trustee's Sale on the Subject Property. **(See Exhibit "D")**

30.     Civ.Code §2924(a)(1) requires that the trust deed beneficiary or its agent be the one that authorizes the foreclosure proceeding by filing the Notice of Default and related procedures.

31.     FMC DEFENDANT failed to comply with the requirements of Civ.Code § 2924(a)(1) in that the Notice of Default did not include the required statutory requirements: The Notice of Default is void or voidable in that the purported Trustee National Default Service Corporation failed to record a Substitution of Trustee with the San Diego County Recorder's Office in violation of Civ. Code §2934a(a)(1), and rendering the Notice of Default and Notice of Trustee's Sale re foreclosure sale void pursuant to Civ. Code §2934a(e).

32.     PLAINTIFF has incurred damages for the improper recording of a Notice of Default as it causes immediate damage to a person's credit, causes increased emotional and mental suffering and can cause increased costs being levied based on the Notice of Default being filed which are charged to the loan balance.

33.     These errors in the Notice of Default, Notice of Trustee's Sale and Trustee's Deed Upon Sale give this court proper grounds to vacate the faulty foreclosure procedure.

## THIRD CAUSE OF ACTION

## VIOLATION OF CIV.CODE §2924.9, FAILURE TO PROVIDE HOMEOWNER WITH FORECLOSURE ALTERNATIVES

### (AGAINST FMC DEFENDANT)

34.     PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

35.     On December 29, 2021, FMC DEFENDANT recorded a Notice of Default on the Subject Property. PLAINTIFF was staying in her home when the Notice of Default was issued, and

6

MIKIEL v. FREEDOM MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

received no mail or messages. **(Exhibit "C")**

36.     FMC DEFENDANT failed to notify PLAINTIFF of all foreclosure prevention alternatives within 5 business days after Notice of Default recorded, as required by Civ.Code §2924.9.

37.     PLAINTIFF was living in the Subject Property when the Notice of Default was recorded. PLAINTIFF did not receive any phone calls or phone messages, and did not receive any pieces of mail that referred to discussions about alternatives to foreclosure before it was commenced. If PLAINTIFF did receive such contact and communication, they would have taken action to avoid the foreclosure of the Subject Property with other lending sources.

38.     PLAINTIFF is entitled to an injunction prior to foreclosure, or civil and statutory penalties post-foreclosure against FMC DEFENDANT in an amount to be proven at trial.

<u>**FOURTH CAUSE OF ACTION**</u>

**<u>NEGLIGENCE</u>**

**(AGAINST FMC DEFENDANT)**

39.     PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

40.     PLAINTIFF allege that FMC DEFENDANT breached its duty of ordinary care and good faith to PLAINTIFF, and their duty not to put PLAINTIFF in a worse position when they:

    a.  Failed to notify the homeowner about possible foreclosure and to wait 30 days after notice to record a Notice of Default in violation of Civ.Code §2923.5.

    b.  Used a Trustee, Servicer or Beneficiary that lacked legal authority to conduct the Trustee's Sale in violation of Civ. Code § 2924 (a)(1), Civ. Code §2934a(a)(1), 2934(a)(e) and 2924(a)(6);

    c.  Failed to notify PLAINTIFF of foreclosure alternatives within 5 business days after recording a Notice of Default in violation of Civ. Code § 2924.9.

    d.  Violated Title 15 U.S.C. § 1641(g) by failing to contact PLAINTIFF after recording an Assignment of the Deed of Trust and notify the that it is the new beneficiary of the Deed of Trust.

MIKIEL v. FREEDOM MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

41.     FMC DEFENDANT owed PLAINTIFF a duty of care because their activities violated affirmative statutory duties extrinsic to loan modification.

42.     FMC DEFENDANT's breaches are the *actual* and *proximate cause* of PLAINTIFF'S damages because, but for their breaches of statutory duties, PLAINTIFF would not be facing foreclosure. If FMC DEFENDANT acted reasonably and lawfully carrying out their statutory duties, PLAINTIFF would have avoided a large arrears and large interest, penalties and a weakened position in negotiating the foreclosure issue at hand.

43.     As a consequence of FMC DEFENDANT's practice in this regard, PLAINTIFF suffered damages by **(1)** costs and attorneys' fees spending numerous hours and resources in providing them with updated financial documents; **(2)** incurred additional and unnecessary late penalties on top of the default servicing which included the recording of the Notice of Sale; **(3)** damaged their credit reports in the process; and **(4)** higher arrears that is no longer affordable to PLAINTIFF; and faces foreclosure/was foreclosed upon.

44.     PLAINTIFF demands restitution damages in an amount to be determined at trial and to disgorge FMC DEFENDANT's profits. PLAINTIFF incurred copying and faxing costs and attorney fees in the loan modification application process.

### FIFTH CAUSE OF ACTION
### WRONGFUL FORECLOSURE
### (AGAINST FMC DEFENDANT)

45.     PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

46.     On May 27, 2022, FMC DEFENDANT wrongfully foreclosed on the Subject Property based upon violations of Civ.Code §2923.5, 2924(a)(1), 2934a(a)(1), 2924a(e) and 2924.9.

47.     FMC DEFENDANT caused an illegal, fraudulent, or willfully oppressive sale of the Subject Property pursuant to a power of sale in a mortgage or deed of trust;

48.     PLAINTIFF suffered prejudice or harm as a result of the wrongful foreclosure trustee sale.

49.     PLAINTIFF is excused from the tender requirement because of FMC DEFENDANT's

EXHIBIT A
PAGE 19

violations of Civ.Code §2923.5, 2924(a)(1), 2934a(a)(1), 2924a(e) and 2924.9.

50.   PLAINTIFF is entitled to monetary damages for the loss of the Subject Property and HER investment in it.

51.   PLAINTIFF is entitled to have the wrongful foreclosure vacated, and have the Trustee's Deed Upon Sale, Notice of Default and Notice of Trustee's Sale cancelled.

52.   PLAINTIFF is entitled to punitive damages for wrongful foreclosure. See *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 345. The managing agents of FMC DEFENDANT were responsible for setting HER illegal and unauthorized foreclosure and related tort actions.

**SIXTH CAUSE OF ACTION**

**INTERPLEADER PURSUANT TO CODE CIV.PROC. §386, CIV. CODE §§ 2924j AND 2924k**

**(AGAINST FMC DEFENDANT)**

53.   PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

54.   On May 27, 2022, FMC DEFENDANT foreclosed on the Subject Property and recorded a Trustee's Deed Upon Sale.

55.   FMC DEFENDANT had a duty to return to PLAINTIFF all surplus money from the Trustee Sale dated May 27, 2022, and pursuant to and pursuant to Code Civ.Proc. §386, Civ.Code §§ 2924j and §2924k.

56.   The debt or duty is claimed by both or all the parties against whom the relief is demanded by FMC DEFENDANT and PLAINTIFF.

57.   All of the adverse titles or claims are dependent, or be derived from a common source of the proceeds of a trustee's sale under the Deed of Trust.

58.   PLAINTIFF no longer have any interest in the subject matter.

59.   PLAINTIFF currently have no independent liability to FMC DEFENDANT.

60.   FMC DEFENDANT are in possession of surplus funds from the trustee's sale of the Subject Property totaling an amount to be determined at trial.

61.   FMC DEFENDANT failed to distribute surplus funds after the Trustee's Sale of the Subject Property to PLAINTIFF.

MIKIEL v. FREEDOM MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

EXHIBIT A
PAGE 20

62.     PLAINTIFF ask this court to intervene by way of interpleader and determine that he is entitled to all surplus funds from the trustee's sale of the Subject Property pursuant to Code Civ.Proc. §386.

## SEVENTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES, VIOLATION OF BUS. & PROF.CODE §17200, ET SEQ.

### (AGAINST FMC DEFENDANT)

63.     PLAINTIFF realleges and incorporate all preceding paragraphs as though set forth fully herein.

64.     FMC DEFENDANT is engaged in the business of lending money for real property purchases and selling mortgages/deed of trust as secured loans, and or servicing those loans.

65.     PLAINTIFF alleges that FMC DEFENDANT violated Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in unlawful, unfair, and fraudulent business practices as alleged above.

66.     PLAINTIFF alleges that FMC DEFENDANT violated the "unfair," "unlawful," and "fraudulent" prongs of the UCL resulting in injury and economic loss to PLAINTIFF when it purposely violated Civ. Code §§2923.5, 2924(a)(1), 2934a(a)(1), 2924(e) and 2924.9.

67.     FMC DEFENDANT's business practices of failing to advise homeowners in writing within 30 days that HER Deed of Trust was transferred or assigned to a third party, and that it is the new owner or assignee of the debt is illegal in violation of Title 15 U.S.C. § 1641(g).

68.     These acts and more are unlawful and unfair conduct has caused substantial harm to PLAINTIFF  and the California citizenry at large.

69.     A PLAINTIFF may bring an unfair claim per the statute by alleging that a servicer's statements or conduct was misleading.

70.     In the present case, the information provided to PLAINTIFF was certainly misleading and not consistent as to the status of the loan modification and what she was supposed to do to satisfy the lender's demands.

71.     PLAINTIFF has suffered an actual, pecuniary injury of the loss of the equity in the value of the Subject Property, and the costs of seeking a remedy for FMC DEFENDANT's wrongful actions.

EXHIBIT A
PAGE 21

72.     Under the three-factor analysis test found in *Zuniga v. Bank of America, N.A.,* 2014 WL 7156403 (C.D. Cal. Dec. 9, 2014), PLAINTIFF has stated a viable UCL claim.

73.     PLAINTIFF demand restitution, and that FMC DEFENDANT disgorge its illicit profits and that PLAINTIFF receive all monetary awards statutorily due to them.

**EIGHTH CAUSE OF ACTION**

**CANCELLATION OF WRITTEN INSTRUMENTS, CIV. CODE § 3412**

**(AGAINST FMC DEFENDANT)**

74.     PLAINTIFF realleges and incorporate by reference all proceeding paragraphs as though fully set forth herein.

75.     PLAINTIFF has a reasonable belief that the Notice of Default, instrument no. 2021-0872227 and Notice of Trustee's Sale, instrument no. 2022-0170001 and Trustee's Deed Upon Sale are voidable or void ab initio. **(Exhibits "C" and "D")**

76.     PLAINTIFF has a reasonable apprehension that if these voidable or void ab initio recorded written instruments are left outstanding, they may cause serious injury to PLAINTIFF because of HER violations of Civ. Code §§2923.5, 2924(a)(1), 2934a(a)(1), 2924a(e) and 2924.9.

77.     PLAINTIFF seeks to cancel the hereinabove written instruments pursuant to Civ.Code §3412 due to HER being voidable or void, clouds on title and wrongfully recorded.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF pray for judgment in HER favor and against DEFENDANT and each of them as follows:

1.     For compensatory, special and general damages in an amount subject to proof at trial;

2.     For civil penalties pursuant to Civ.Code § 2924.12 (b) for the greater of treble damages or $50,000.

3.     For an injunction enjoining DEFENDANT from conducting further foreclosure activity in particular, recording a Trustee's Deed Upon Sale of the Subject Property pursuant to Civ.Code § 2924.12(b);

4.     For restitution and the disgorgement of profits;

5.     For an injunction stopping the violations of the HBOR statutes;

11

MIKIEL v. FREEDOM MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

6.  For an injunction cancelling the void or voidable written instruments;

7.  For an injunction vacating the wrongful foreclosure;

8.  For the disbursement of all surplus funds from the Trustee's Sale;

9.  For an order awarding PLAINTIFF's reasonable attorney's fees pursuant to Civ.Code § 2924.12 (h);

10. For reasonable costs of suit pursuant to Code Civ.Proc. § 1032;

11. For recompense of damages and arrears; and

12. For any other relief as it may deem just and proper.

DATED:  June 22, 2022                CDLG, PC

BY:  _____
     Tony Cara, Esq.,
     Attorney for Plaintiff, MariaMawit Mikiel

12

MIKIEL v. FREEDOM MORTGAGE CORPORATION, et al.- PLAINTIFF'S COMPLAINT

# EXHIBIT "A"

**Equity Title Company**

Recording Requested By:
W.J. BRADLEY MORTGAGE
CAPITAL, LLC.

And After Recording Return To:
W.J. BRADLEY MORTGAGE CAPITAL, LLC.
100 WEST TOWNE RIDGE PARKWAY, SUITE #300
SANDY, UTAH 84070
Loan Number: 3000230008

DOC# 2015-0074260

Feb 19, 2015  04:33 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $54.00



————— [Space Above This Line For Recording Data] —————

# DEED OF TRUST

| FHA CASE NO. |
| --- |
| 044-5398360-734 |

**MIN:** 100252230002300081

**MERS Phone: 888-679-6377**

THIS DEED OF TRUST ("Security Instrument") is made on  FEBRUARY 17, 2015.
The trustor is  MARIAMAWIT MIKIEL, AN UNMARRIED WOMAN
BORROWER'S ADDRESS IS 2968 ALANWOOD COURT, SPRING VALLEY,
CALIFORNIA 91978.

("Borrower").

The trustee is  EQUITY TITLE COMPANY
123 CAMINO DE LA REINA, SUITE 100 WEST, SAN DIEGO, CALIFORNIA 92108   ("Trustee").
The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as
hereinafter defined, and Lender's successors and assigns).  MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
W.J. BRADLEY MORTGAGE CAPITAL, LLC.

("Lender")

is organized and existing under the laws of  DELAWARE
and has an address of 100 WEST TOWNE RIDGE PARKWAY, SUITE #300, SANDY,
UTAH 84070
Borrower owes Lender the principal sum of  TWO HUNDRED TWENTY-TWO THOUSAND THREE
HUNDRED TWENTY-THREE AND 00/100          Dollars (U.S. $ 222,323.00          ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on  MARCH 1, 2045          .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest,
and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest,
advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower irrevocably

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA 02/06/15

Page 1 of 9

DocMagic *eForms*
www.docmagic.com

EXHIBIT A
PAGE 25

grants and conveys to Trustee, in trust, with power of sale, the following described property located in
SAN DIEGO                                County, California:

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT
"A".
A.P.N.: 506-110-18-01

which has the address of  2968 ALANWOOD COURT
                                                         [Street]
                SPRING VALLEY           , California        91978        ("Property Address"):
                  [City]                                  [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be
covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."
Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security
Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors
and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose
and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling
this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to
grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower
warrants and will defend generally the title to the Property against all claims and demands, subject to any
encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with
limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and
interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly
payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and
special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the
Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a
mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in
which such premium would have been required if Lender still held the Security Instrument, each monthly payment
shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary,
or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary,
in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items
are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the
maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures
Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 12 C.F.R. Part 1024, as they may be amended
from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements
or disbursements before the Borrower's payments are available in the account may not be based on amounts due for
the mortgage insurance premium.

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  02/06/15                          Page 2 of 9                    DocMagic *eForms*
                                                                            www.docmagic.com

**EXHIBIT A
PAGE 26**

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3.   **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

THIRD, to interest due under the Note;

FOURTH, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

4.   **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5.   **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  02/06/15                        Page 3 of 9                        DocMagic *eFErms*
                                                                              www.docmagic.com

EXHIBIT A
PAGE 27

leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

  **(a) Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

    (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

    (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

  **(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

    (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

    (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

  **(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

---

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  02/06/15                              Page 4 of 9                          DocMagic *eForms*
                                                                                      www.docmagic.com

**EXHIBIT A
PAGE 28**

**(d)  Regulations of HUD Secretary.**  In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid.  This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e)  Mortgage Not Insured.**  Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within    60 DAYS
from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument.  A written statement of any authorized agent of the Secretary dated subsequent to    60 DAYS                          from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility.  Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10.  Reinstatement.**  Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument.  This right applies even after foreclosure proceedings are instituted.  To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding.  Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if:  (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11.  Borrower Not Released; Forbearance by Lender Not a Waiver.**  Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest.  Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest.  Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12.  Successors and Assigns Bound; Joint and Several Liability; Co-Signers.**  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b).  Borrower's covenants and agreements shall be joint and several.  Any Borrower who co-signs this Security Instrument but does not execute the Note:  (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13.  Notices.**  Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method.  The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender.  Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14.  Governing Law; Severability.**  This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.  In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.  To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15.  Borrower's Copy.**  Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**EXHIBIT A
PAGE 29**

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all**

**EXHIBIT A
PAGE 30**

expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

**19. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law. If the fee charged does not exceed the fee set by applicable law, the fee is conclusively presumed to be reasonable.

**20. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**21. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by applicable law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**22. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

| | | |
|---|---|---|
| ☒ Condominium Rider | ☐ Graduated Payment Rider | ☐ Growing Equity Rider |
| ☐ Planned Unit Development Rider | ☐ Adjustable Rate Rider | ☐ Rehabilitation Loan Rider |
| ☐ Non-Owner Occupancy Rider | ☐ Other [Specify] | |

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  02/06/15                    Page 7 of 9                    DocMagic *eForms*
www.docmagic.com

EXHIBIT A
PAGE 31

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 9 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

The undersigned Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to Borrower at the address set forth above.

_____ (Seal)          _____ (Seal)
MARIAMAWIT MIKIEL                      -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                       -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                       -Borrower                                          -Borrower

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  02/06/15                              Page 8 of 9                    DocMagic eForms
                                                                                www.docmagic.com

EXHIBIT A
PAGE 32

———————————————— [Space Below This Line For Acknowledgment] ————————————————

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of __CALIFORNIA_____ )

County of __SAN DIEGO_____ )

On __Feb. 18, 2015__ before me, _____

SAMUEL O FLORES
Notary Public

personally appeared __MARIAMAWIT MIKIEL__ _____

_____

_____ ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

SAMUEL O. FLORES
COMM. #2047918
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires
DECEMBER 1, 2017

_____
NOTARY SIGNATURE

SAMUEL O FLORES
Notary Public
(Typed Name of Notary)

NOTARY SEAL

Loan Originator: TRACY SICRY, NMLSR ID 202304
Loan Originator Organization: W.J. BRADLEY MORTGAGE CAPITAL, LLC., NMLSR ID 3233/RM 4131002

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA 02/06/15                          Page 9 of 9

DocMagic eForms
www.docmagic.com

EXHIBIT A
PAGE 33

ORDER NO. SD1530055

# EXHIBIT "A"

A CONDOMINIUM COMPOSED OF:

PARCEL 1:

AN UNDIVIDED 1/34TH FRACTIONAL INTEREST IN AND TO LOT 10 OF COUNTY OF SAN DIEGO TRACT NO. 4398-5, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 11765 FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, CALIFORNIA, ON APRIL 9, 1987;

EXCEPTING THEREFROM THE FOLLOWING:

(A) ALL LIVING UNITS SHOWN UPON THE RANCHWOOD PARK COUNTY OF SAN DIEGO TRACT NO. 4398-5 PHASE IX CONDOMINIUM PLAN RECORDED ON JULY 6, 1987, AS DOCUMENT NO. 87-375026, OF OFFICIAL RECORDS OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, CALIFORNIA;

(B) THE RIGHT TO POSSESSION OF ALL THOSE AREAS DESIGNATED AS EXCLUSIVE USE AREAS, SHOWN UPON THE CONDOMINIUM PLAN, REFERRED TO ABOVE;

PARCEL 2:

LIVING UNIT NO. 1 SHOWN UPON THE CONDOMINIUM PLAN REFERRED TO ABOVE.

PARCEL 3:

THE EXCLUSIVE RIGHT TO USE, POSSESSION AND OCCUPANCY OF THOSE PORTIONS OF PARCEL 1 DESCRIBED ABOVE, DESIGNATED AS P_, B-1 AND PS_ ON THE CONDOMINIUM PLAN REFERRED TO ABOVE, WHICH ARE APPURTENANT TO PARCELS 1 AND 2 ABOVE DESCRIBED.

PARCEL 4:

A NONEXCLUSIVE EASEMENT FOR INGRESS AND EGRESS AND RECREATIONAL USE, ON, OVER AND UNDER THE COMMON AREA WITHIN PHASES 1 THROUGH 8 AND 10 THROUGH ALL SUBSEQUENT PHASES, RESPECTIVELY (AS DEFINED AND DESCRIBED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS TO WHICH REFERENCE IS HEREAFTER MADE), WHICH EASEMENT IS APPURTENANT TO PARCELS 1, 2 AND 3 DESCRIBED ABOVE. THIS EASEMENT SHALL BECOME EFFECT AS TO PHASE 10 AND EACH SUBSEQUENT PHASE, RESPECTIVELY, UPON RECORDATION OF A DECLARATION OF ANNEXATION DECLARING PHASE 10 AND EACH SUBSEQUENT PHASE, RESPECTIVELY, TO BE MEMBERS OF THE ASSOCIATION (AS DEFINED BELOW, ALL AS MORE FULLY SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS TO WHICH REFERENCE IS HEREAFTER MADE). THE COMMON AREA REFERRED TO HEREIN SHALL BE AS SHOWN AND DESCRIBED ON THE CONDOMINIUM PLAN COVERING PHASES 1 THROUGH 8 AND EACH SUBSEQUENT PHASE, RESPECTIVELY, RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, CALIFORNIA, EXCEPTING THEREFROM ANY RESIDENTIAL BUILDINGS THEREON AND ANY PORTION THEREOF WHICH MAY BE DESIGNATED AS AN EXCLUSIVE USE AREA.

ORDER NO. SD1530055

**PARCEL 5:**

A NON-EXCLUSIVE EASEMENT ON AND OVER THE RECREATIONAL AREA (AS DEFINED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS REFERRED TO BELOW) FOR ACCESS, USE, OCCUPANCY, ENJOYMENT INGRESS AND EGRESS OF THE AMENITIES LOCATED THEREON, SUBJECT TO THE TERMS AND PROVISIONS OF THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS TO WHICH REFERENCE IS HEREAFTER MADE. THIS EASEMENT IS APPURTENANT TO PARCELS 1 AND 2 ABOVE DESCRIBED. THE EASEMENT SHALL BECOME EFFECTIVE AS TO EACH PORTION OF THE RECREATION AREA AS IT IS CONVEYED OF RECORD TO THE ASSOCIATION (HEREINAFTER DEFINED). THE RECREATION AREA IS FOR THE USE OF OWNERS OF CONDOMINIUMS WHICH ARE SUBJECT TO THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS TO WHICH REFERENCE IS HEREINAFTER MADE, AND IS NOT FOR THE USE OF THE GENERAL PUBLIC.

***END OF LEGAL DESCRIPTION***

**EXHIBIT A**
**PAGE 35**

Loan Number: 3000230008

FHA Case No.:   044-5398360-734

# FHA CONDOMINIUM RIDER

**THIS CONDOMINIUM RIDER** is made this   17th   day of   FEBRUARY   ,
2015   , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of
Trust or Security Deed ("Security Instrument") of the same date given by the undersigned ("Borrower") to
secure Borrower's Note ("Note") to   W.J. BRADLEY MORTGAGE CAPITAL, LLC., A
DELAWARE LIMITED LIABILITY COMPANY

("Lender") of the same date and covering the Property described in the Security Instrument and located at:

2968 ALANWOOD COURT, SPRING VALLEY, CALIFORNIA 91978

[Property Address]

The Property includes a unit in, together with an undivided interest in the common elements of, a
condominium project known as:

RANCHWOOD PARK

[Name of Condominium Project]

("Condominium Project"). If the owners association or other entity which acts for the Condominium Project
("Owners Association") holds title to property for the benefit or use of its members or shareholders, the
Property also includes Borrower's interest in the Owners Association and the uses, proceeds and benefits of
Borrower's interest.

**CONDOMINIUM COVENANTS.**   In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

So long as the Owners Association maintains, with a generally accepted insurance carrier,
a "master" or "blanket" policy insuring all property subject to the condominium
documents, including all improvements now existing or hereafter erected on the Property,
and such policy is satisfactory to Lender and provides insurance coverage in the amounts,
for the periods, and against the hazards lender requires, including fire and other hazards
included within the term "extended coverage," and loss by flood, to the extent required by
the Secretary, then: (i) Lender waives the provision in the Security Instrument for the
monthly payment to Lender of one-twelfth of the yearly premium installments for hazard
insurance on the Property, and (ii) Borrower's obligation under the Security Instrument
to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that
the required coverage is provided by the Owners' Association policy.  Borrower shall give
Lender prompt notice of any lapse in required hazard insurance coverage and of any loss
occurring from a hazard.  In the event of a distribution of hazard insurance proceeds in lieu
of restoration or repair following a loss to the Property, whether to the condominium unit

EXHIBIT A
PAGE 36

or to the common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Security Instrument, with any excess paid to the entity legally entitled thereto.

Borrower promises to pay all dues and assessments imposed pursuant to the legal instruments creating and governing the Condominium Project.

If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Condominium Rider.

_____ (Seal)          _____ (Seal)
MARIAMAWIT MIKIEL            -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                          -Borrower

MULTISTATE FHA CONDOMINIUM RIDER
USFHAC.RDR  10/11/11                         Page 2 of 2

DocMagic eFarms
www.docmagic.com

EXHIBIT A
PAGE 37

# EXHIBIT "B"

EXHIBIT A
PAGE 38

***Send All Notices to Assignee***

RECORDING REQUESTED BY:
**Freedom Mortgage Corporation**
**RoseAnn McKenry**
**500 Virginia Dr**
**Ste 502**
**Ft Washington, PA 10934**

AND WHEN RECORDED MAIL TO
**Freedom Mortgage Corporation**
**500 Virginia Dr, Ste 502**
**Ft Washington, PA 19034**
**ATTN: AOM Dept**
Loan #: 0058825084
MIN: 100252230002300081
MERS Phone #: (888) 679-6377

**DOC# 2019-0056709**

Feb 19, 2019  08:27 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $92.00   (SB2 Atkins: $75.00)

PAGES: 1

---

### ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the receipt and sufficiency of which is hereby acknowledged, the undersigned, **Mortgage Electronic Registration Systems, Inc., solely as nominee for W. J. Bradley Mortgage Capital, LLC., its successors and assigns, P.O. Box 2026, Flint, MI 48501-2026 (855) 690-5900,** herein ("Assignor"), does hereby grant, assign, transfer and convey, without recourse unto **Freedom Mortgage Corporation, 907 Pleasant Valley Ave Ste 3, Mount Laurel, NJ 08054,** assignee, the described deed of trust, with all interest, all liens, and any rights due or to become due thereon. Said Deed of Trust for **$222323.00** is recorded in the State of CA, County of **San Diego** Official Records, dated **02/17/2015** and recorded **02/19/2015,** as Instrument No. **2015-0074260** in Book No. N/A, at Page No. N/A.

Executed by **MARIAMAWIT MIKIEL, AN UNMARRIED WOMAN** as Trustor(s), and **Mortgage Electronic Registration Systems, Inc., solely as nominee for W. J. Bradley Mortgage Capital, LLC., its successors and assigns** as the original beneficiary. Legal Description: **As more fully described in said Deed of Trust.**

Dated: **02/18/2019**
Mortgage Electronic Registration Systems, Inc., solely as nominee for W. J. Bradley Mortgage Capital, LLC., its successors and assigns

*Howard D. Wiggins II*

Name: **HOWARD D WIGGINS II**
Title: **Assistant Secretary**

STATE OF **PA**
COUNTY OF **MONTGOMERY** } s.s.

On **02/18/2019,** before me, James K. Minshall, Notary Public, personally appeared **HOWARD D WIGGINS II, Assistant Secretary** of **Mortgage Electronic Registration Systems, Inc., solely as nominee for W. J. Bradley Mortgage Capital, LLC., its successors and assigns,** personally known to me (or proved to me the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that she/he/they executed the same in her/his/their authorized capacity(ies), and that by her/his/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

*James K. Minshall*

Notary Public: **James K. Minshall**
My Commission Expires: **10/29/2019**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
James K. Minshall, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Oct. 29, 2019
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

**EXHIBIT A**
**PAGE 39**

# EXHIBIT "C"

EXHIBIT A
PAGE 40

DOC# 2021-0872227

|||||||||||||||||||||||||||||||||||||||||

Dec 29, 2021  02:59 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $101.00   (SB2 Atkins: $75.00)

PAGES: 4

.RECORDING REQUESTED BY:
National Default Servicing Corporation,
an Arizona Corporation
**WHEN RECORDED MAIL TO:**
National Default Servicing Corporation,
an Arizona Corporation
7720 N. 16th Street, Suite 300
Phoenix, AZ 85020

NDSC File No. :   21-00538-FM-CA
Title Order No. :   2013297
Property Address: 2968 Alanwood Court Spring Valley CA 91978
APN: 506-110-18-01

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
### IMPORTANT NOTICE

*ATTENTION RECORDER*: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY PURSUANT TO CIVIL CODE 2923.3

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$29,768.99,** as of 12/28/2021 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your Note and Deed of Trust or Mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required by the Note and Deed of Trust or Mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the

**Page 1 of 3**

EXHIBIT A
PAGE 41

NDSC File No. :   21-00538-FM-CA

time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time notice of sale is posted (which may not be earlier than three months

after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by the transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

Freedom Mortgage Corporation
c/o National Default Servicing Corporation, an Arizona Corporation
7720 N. 16th Street, Suite 300
Phoenix, AZ 85020   Phone  602-264-6101  Sales Website: www.ndscorp.com/sales/

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.  Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

NOTICE IS HEREBY GIVEN THAT : NATIONAL DEFAULT SERVICING CORPORATION, an Arizona Corporation, is either the original Trustee, the duly appointed substituted Trustee or, acting as agent for the Trustee or Beneficiary under a Deed of Trust dated 02/17/2015, executed by Mariamawit  Mikiel, an unmarried woman, as Trustor, to secure certain obligations in favor of Mortgage Electronic Registration Systems, Inc., as Beneficiary, as nominee for W.J. Bradley Mortgage Capital, LLC, its successors and assigns as beneficiary recorded 02/19/2015 as Instrument No. 2015-0074260 (or Book, Page)  of the Official Records of San Diego County, CA.  Said obligations including ONE NOTE FOR THE ORIGINAL sum of $222,323.00.

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of : FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH BECAME DUE ON 09/01/2020 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST AND IMPOUNDS, TOGETHER WITH ALL LATE CHARGES; PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEY'S FEES.

**Page 2 of 3**

NDSC File No. :   21-00538-FM-CA

That by reason thereof, the present beneficiary under such Deed of Trust has executed and delivered to duly appointed Trustee a written Declaration of Default and Demand for Sale, and has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare alls sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

The Declaration required by California Civil Code Sections 2923.5 or 2923.55 is attached hereto.

Dated :   _____ , 2021

National Default Servicing Corporation, an Arizona Corporation, as Trustee for Freedom Mortgage Corporation

By: Connie Hernandez, Trustee Sales Representative

3 of 3

EXHIBIT A
PAGE 43

## CALIFORNIA DECLARATION OF COMPLIANCE
### (CAL. CIV. CODE § 2923.5(b))

Borrower(s):          Mariamawit Mikiel
Property Address:    2968 Alanwood Court
Trustee's Sale No.:    Spring Valley, CA 91978

The undersigned, as an authorized agent or employee of the below mortgage servicer, declares as follows:

1. [ ] The mortgage servicer has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.5(a)(2). Thirty days have passed since the initial contact was made.

2. [ ] The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code § 2923.5(e) but has not made contact despite such due diligence. Thirty days have passed since these due diligence efforts were satisfied.

3. [✓] No contact was required because the individual did not meet the definition of "borrower" under California Civil Code § 2920.5(c).

4. [ ] The requirements of California Civil Code § 2923.5 do not apply because the loan is not secured by a first lien mortgage or deed of trust on "owner-occupied" or qualifying tenant–occupied residential real property as defined by California Civil Code § 2924.15.

Additionally, pursuant to California Civil Code § 3273.10:

1. [✓] The mortgage servicer has not denied the borrower a forbearance request on or after 8/31/2020.

2. [ ] The mortgage servicer has denied the borrower a forbearance request on or after 8/31/2020, and a forbearance was not subsequently provided. A copy of the denial notice is attached.

3. [ ] The mortgage servicer has denied the borrower a forbearance request on or after 8/31/2020, however, a forbearance was subsequently provided. A copy of the initial denial notice is attached.

4. [ ] The requirements of California Civil Code § 3273.10 do not apply because the mortgage or deed of trust is not secured by residential property containing four dwelling units or less and the borrower was not current on payments as of 2/1/2020.

5. [ ] The mortgage servicer is in compliance with California Civil Code § 3273.10 because the mortgage servicer has complied with the relevant provisions regarding forbearance in Section 4022 of the federal Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) (Public Law 116-136), including any amendments or revisions to those provisions, pursuant to California Civil Code § 3273.10(d).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated: 11/18/2021

Freedom Mortgage

*Jessica Shumaker*

Signature of Agent or Employee

Jessica Shumaker

Printed Name of Agent or Employee

EXHIBIT A
PAGE 44

# EXHIBIT "D"

DOC# 2022-0170001

Apr 19, 2022  09:57 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $98.00   (SB2 Atkins: $75.00)

PAGES: 3

**RECORDING REQUESTED BY:**
National Default Servicing Corporation
**WHEN RECORDED MAIL TO:**
NATIONAL DEFAULT SERVICING CORPORATION
7720 N. 16ᵗʰ Street, Suite 300
Phoenix, AZ 85020

T.S. No. 21-00538-FM-CA
Title No. 2013297
A.P.N.  506-110-18-01

## NOTICE OF TRUSTEE'S SALE

_ATTENTION RECORDER_: **THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS
APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY PURSUANT TO CIVIL CODE
2923.3**
NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 02/17/2015.  UNLESS YOU TAKE
ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED
AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD
CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, (cashier's check(s) must be made payable to National Default
Servicing Corporation), drawn on a state or national bank, a check drawn by a state or federal credit union, or a
check drawn by a state or federal savings and loan association, savings association, or savings bank specified in
Section 5102 of the Financial Code and authorized to do business in this state; will be held by the duly appointed
trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter
described property under and pursuant to a Deed of Trust described below.  The sale will be made in an  "as is"
condition, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to
pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon,
as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and
expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably
estimated to be set forth below.  The amount may be greater on the day of sale.

Trustor: **Mariamawit  Mikiel, an unmarried woman**
Duly Appointed Trustee: **National Default Servicing Corporation**
Recorded **02/19/2015** as Instrument No. **2015-0074260** (or Book, Page)  of the Official Records of San Diego
County, California.

Date of Sale: **05/27/2022** at **10:00 AM**
Place of Sale: **At the entrance to the East County Regional Center by statue, 250 E. Main Street, El Cajon, CA
92020**

Estimated amount of unpaid balance and other charges: **$225,506.66**
Street Address or other common designation of real property: **2968 Alanwood Court,  Spring Valley, CA  91978**
A.P.N.: **506-110-18-01**

**EXHIBIT A
PAGE 46**

Page 2
Notice of Trustee's Sale
T.S. No.  21-00538-FM-CA

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.  If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

The requirements of California Civil Code Section 2923.5(b)/2923.55(c) were fulfilled when the Notice of Default was recorded.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call   or visit this internet website www.ndscorp.com/sales, using the file number assigned to this case 21-00538-FM-CA. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the internet website. The best way to verify postponement information is to attend the scheduled sale.

Page 3
Notice of Trustee's Sale
T.S. No. 21-00538-FM-CA

NOTICE TO TENANT*: You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call 888-264-4010, or visit this internet website www.ndscorp.com, using the file number assigned to this case 21-00538-FM-CA to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

**\*Pursuant to Section 2924m of the California Civil Code, the potential rights described herein shall apply only to public auctions taking place on or after January 1, 2021, through December 31, 2025, unless later extended.**

Date: 04/15/2022

**National Default Servicing Corporation**
**c/o Tiffany & Bosco, P.A., its agent,**
**1455 Frazee Road, Suite 820**
**San Diego, CA 92108     Toll Free Phone:  888-264-4010**
**Sales Line ; Sales Website: www.ndscorp.com**

**Rachael Hamilton, Trustee Sales Representative**

# EXHIBIT "B"

**SUPERIOR COURT OF CALIFORNIA**
# County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2022-00024488-CU-OR-CTL | Filing Date: | 06/23/2022 |
| Case Title: | Mikiel vs FREEDOM MORTGAGE CORPORATION [IMAGED] | Case Age: | 42 days |
| Case Status: | Pending | Location: | Central |
| Case Category: | Civil - Unlimited | Judicial Officer: | Carolyn Caietti |
| Case Type: | Other Real Property | Department: | C-70 |

## Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 12/02/2022 | 10:00 AM | C-70 | Civil Case Management Conference - Complaint |

## Participants

| Name | Role | Representation |
|---|---|---|
| FREEDOM MORTGAGE CORPORATION | Defendant | |
| Mikiel, Mariamawit | Plaintiff | CARA, ANTHONY P. |

## Representation

| Name | Address | Phone Number |
|---|---|---|
| CARA, ANTHONY  P | CDLG PC 2973 Harbor Boulevard 594 Costa Mesa CA 92626 | (888) 615-6765 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 06/23/2022 | Complaint filed by Mikiel, Mariamawit. Refers to: FREEDOM MORTGAGE CORPORATION | Mikiel, Mariamawit (Plaintiff) |
| 2 | 06/23/2022 | Civil Case Cover Sheet filed by Mikiel, Mariamawit. Refers to: FREEDOM MORTGAGE CORPORATION | Mikiel, Mariamawit (Plaintiff) |
| 3 | 06/23/2022 | Original Summons filed by Mikiel, Mariamawit. Refers to: FREEDOM MORTGAGE CORPORATION | Mikiel, Mariamawit (Plaintiff) |
| 4 | 06/24/2022 | Summons issued. | |
| 5 | 06/23/2022 | Case assigned to Judicial Officer Caietti, Carolyn. | |
| 6 | 06/24/2022 | Civil Case Management Conference scheduled for 12/02/2022 at 10:00:00 AM at Central in C-70 Carolyn Caietti. | |
| 7 | 06/24/2022 | Case initiation form printed. | |
| 8 | 07/06/2022 | Proof of Service of 30-day Summons & Complaint - Personal filed by Mikiel, Mariamawit. Refers to: FREEDOM MORTGAGE CORPORATION | Mikiel, Mariamawit (Plaintiff) |

**EXHIBIT B**
**PAGE 50**